IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SOMINA AQUINO-DIGGS       :
                          :
  v.                      :     Civil No. CCB-05-1325
                          :
JOHN E. POTTER            :

**MEMORANDUM**

Now pending before the court is defendant's motion to dismiss, or in the alternative, for summary judgment. The issues have been fully briefed and no hearing is necessary. Local Rule 105.6. For the reasons that follow, the defendant's motion will be granted.

**BACKGROUND**

In this employment discrimination claim, Somina Aquino-Diggs ("Aquino-Diggs") has brought a claim under Title VII of the Civil Rights Act of 1964 (Title VII) for alleged treatment by her employer, the United States Postal Service (USPS).  Specifically, Aquino-Diggs alleges that she was discriminated against on the basis of her race and gender when her employer refused to assign additional deliveries to her route.[1]  As Aquino-Diggs failed to timely exhaust her administrative remedies and to timely file this action, the underlying facts and substance of her claim will not be recounted at length.[2]

---

[1] Aquino-Diggs further alleges that the addition of deliveries to her route would have resulted in increased compensation and an additional day off.

[2] The government argues that there are several grounds upon which dismissal or summary judgment could be granted.  They contend that Aquino-Diggs did not exhaust all administrative remedies and did not timely file the action currently before the court, that the actions complained of do not constitute "adverse employment actions," that, in any event, Aquino-Diggs has failed to demonstrate that someone similarly situated outside her protected

## ANALYSIS

Statute of limitations defenses and claims of failure to timely exhaust administrative remedies are appropriately raised in 12(b)(6) motions to dismiss for failure to state a claim. *See Pantry Pride Enterprises, Inc. v. Glenlo Corp.*, 729 F.2d 963, 965 (4th Cir. 1984); *Zografov v. V.A. Medical Center*, 779 F.2d 967, 970 (4th Cir. 1985). Here, Aquino-Diggs was required to first proceed before the agency she was charging with discrimination. *See* 42 U.S.C. § 2000e-16(c). Aquino-Diggs initiated the required internal complaint process and received the May 11, 2004 final agency decision ("FAD") therefrom on or about May 16, 2004. (*See* Def's Mot. to Dismiss, Exhibits 16 & 17) The FAD informed Aquino-Diggs of her right to appeal the FAD to the Equal Employment Opportunity Commission ("EEOC"), which had to be done within 30 days, or to file a civil complaint in the appropriate federal court within 90 days. (*See* Def's Mot. to Dismiss, Exhibit 16) On July 22, 2204, over 60 days later, Aquino-Diggs filed an appeal of the FAD with the EEOC. (*See* Def's Mot. to Dismiss, Exhibits 17 & 19)

On February 9, 2005, based on this failure to timely file, the EEOC dismissed her appeal. (*See* Def's Mot. to Dismiss, Exhibit 19) Aquino-Diggs received notice of this dismissal on February 11, 2005. (*See* Complaint, ¶ 10). Aquino-Diggs had 90 days from receipt of the final EEOC decision to file a complaint in federal court. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. 1614.407(c). This action was filed on May 16, 2005, over 90 days after she received the EEOC dismissal.

This action must be dismissed because of Aquino-Diggs' failure to timely exhaust her

---

class was treated more favorably, and that her employer had legitimate non-discriminatory reasons for assigning the additional duties to other employees. As the court finds that Aquino-Diggs failed to timely exhaust her administrative remedies and failed to timely file this action, the court expresses no opinion as to the merits of the government's other contentions.

administrative remedies. *See Nealon v. Stone*, 958 F.2d 584, 589-90 (4th Cir. 1992)(citing *Zografov*, 779 F.2d at 968-69); *Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 462-63 (D.Md. 2002). This failure to timely exhaust her administrative remedies ends the inquiry, but the suit would also be subject to dismissal for her failure to timely file her civil suit with this court. *See Watts-Means v. Prince George's Family Crisis Center*, 7 F.3d 40, 42 (4th Cir. 1993); *Harvey v. New Bern Police Dept.*, 813 F.2d 652, 654 (4th Cir. 1987); *Blount v. Shalala*, 32 F.Supp.2d 339, 341 (D.Md. 1999)(citing *Zografov*, 779 F.2d at 969).[3]

      Based on the foregoing, the defendant's motion is granted.

      A separate order follows.

   March 9, 2006                                      /s/
Date                                                        Catherine C. Blake
                                                                  United States District Judge

---

      [3] While equitable tolling, in principle, could be applied in these situations to allow the claimant to proceed, *see Zografov*, 779 F.2d at 969, Aquino-Diggs situation does not warrant its application.  Equitable tolling may apply where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action or has provided inaccurate information on which the plaintiff has reasonably relied. *Mezu v. Morgan State Univ.*, 264 F.Supp.2d 292, 295 (D.Md.2003) (citing *C.M. English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir.1987); *Lane v. Wal-Mart Stores East, Inc.*, 69 F.Supp.2d 749, 754 (D.Md. 1999). To invoke equitable tolling, the plaintiff must therefore show that the government attempted to mislead her, or that she reasonably relied on misrepresentations by a government agency by neglecting to file a timely charge. *Id.*  While the court is not unsympathetic to the stress Aquino-Diggs was under during this process, she has simply failed to allege or even suggest the type of deception or reliance necessary. Similarly, while the court also appreciates the difficulty of pursuing such claims *pro se*, Aquino-Diggs' status as such does not permit the court to look the other way when filing deadlines are missed such as they were here. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).